Marianne Dugan (OSB # 93256)
Internet e-mail address mdugan@mdugan.com
259 E. 5th Ave., Suite 200-D
Eugene, OR 97401
(541) 338-7072
Fax no. 866-650-5213
    Of Attorneys for Plaintiff

FILED 29 SEP '11 09:16 USDC-ORE

ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

ZACHARY D. SPIER,

    Plaintiff,

v.

CITY OF EUGENE and RYAN MOLONY,

    Defendants,

No. 11-6307-HO

COMPLAINT

(42 U.S.C. 1983 – POLICE EXCESSIVE USE OF FORCE)

JURY TRIAL REQUESTED

### JURISDICTION AND VENUE

1.   This is a civil action for damages and attorney's fees, for police excessive use of force under 42 U.S.C. 1983; and for state-law claims for negligence and battery.

2.   Jurisdiction for the federal claims exists under 28 U.S.C. 1331 because this action arises under the laws of the United States.

3.   Jurisdiction for the state claims exists under 28 U.S.C. 1367.

4.   Venue is proper in this judicial district pursuant to the provisions of 28 U.S.C.

PAGE 1 - COMPLAINT

1391(b) in that this is a civil action wherein jurisdiction is not founded on diversity of citizenship and plaintiff's claims arise within this judicial district.

## PARTIES

5.    At all relevant times, plaintiff was a resident of Lane County, Oregon.

6.    Defendant Ryan Molony was at all times relevant an officer of the Eugene Police Department.

7.    Defendant Molony's acts which are the subject of this lawsuit were undertaken in the regular course of his employment for defendant City of Eugene.

8.    Defendant Molony is sued both individually and in his official capacity.

9.    Defendant City of Eugene, hereinafter City, is a municipal corporation charged with and responsible for appointing and promoting, through the Mayor of Eugene and the City Council, the members of the Eugene Police Department and its personnel. At all relevant times the City had the power, right and duty to control the manner in which defendant Molony carried out the objectives of his employment, and to see that all orders, rules, training, instructions and regulations promulgated for the Eugene Police Department were consistent with the State and federal constitutions, statutes, and the laws of the municipality.

10.    On November 14, 2009, defendant Molony, while on duty as a Eugene Police Officer, xxx.

11.    At about 1:20 a.m. on November 14, 2009, Officer Natt of the EPD came to Mr. Spier's home investigating an alleged noise disturbance.

12.    Mr. Spier came outside and officer Natt spoke with Mr. Spier outside of his home.

13. Upon request, Mr. Spier immediately went inside and turned the music off and told his guests to be quiet, which they complied with.

14. After coming back out and conversing again, Mr. Spier complied with officer Natt's request to go inside to retrieve his I.D.

15. When he came outside officer Natt told him he had to tell his guests to leave, and Mr. Spier responded that the officer did not have the right to require that.

16. The guests were not being noisy.

17. Officer Ryan Molony then arrived.

18. Officer Natt completed the noise citation and gave it to Mr. Spier.

19. Defendant Molony made motions which Mr. Spier reasonably interpreted as an intent to enter Mr. Spier's home.

20. Mr. Spier told defendant Molony twice that he did not consent to entry.

21. Mr. Spier then stepped around defendant Molony and into his home and attempted to close his door.

22. Mr. Spier held the door shut from the inside, but defendant Maloney pushed it open and tackled him.

23. Defendant Molony handcuffed Mr. Spier and took him to jail.

24. Mr. Spier was charged with "Interfering with an Officer" as well as the noise violation.

25. Mr. Spier did not do anything illegal or provoke the officers in any way beside asserting his rights.

26. Mr. Spier was in jail for two or three hours until his friends bailed him out.

27. When Mr. Spier woke up the next day, his elbow hurt a lot, and he went to the Urgent Care Clinic, and x-rays showed a fracture.

28. On February 4, the City of Eugene dropped the interfering charge and Mr. Spier pled guilty to the noise violation and paid the fine.

29. As a result of defendant Molony's actions, plaintiff was injured, suffering a fractured elbow, pain, emotional distress, loss of function and concentration, inability to drive or ride a bicycle, and interference with his usual and normal activities; and plaintiff incurred medical bills.

30. Plaintiff is entitled to a jury trial.

## FIRST CLAIM FOR RELIEF – EXCESSIVE FORCE

### COUNT 1 - Individual Liability - Defendant Molony
### (Violation of Constitutional Right to Substantive Due Process
### Excessive Force - Seizure)
### (42 U.S.C. § 1983, Fourth Amendment to the U.S. Constitution)

31. The preceding paragraphs are incorporated herein by reference.

32. By his actions as described herein, defendant Molony used force on plaintiff that was not objectively reasonable in light of the facts and circumstances confronting him.

33. By his actions as described herein, defendant Molony, acting under color of statute, ordinance, regulation, custom, or usage, subjected plaintiff to the deprivation of rights, privileges, or immunities secured by the Constitution and laws, namely, plaintiff's liberty interest in freedom from excessive force.

34. As a direct and proximate result of the actions and omissions described in this complaint, plaintiff sustained actual damages as described herein, to his noneconomic damage in an amount to be ascertained according to proof at trial.

PAGE 4 - COMPLAINT

35. As a direct and proximate result of the actions and omissions described in this complaint, plaintiff incurred economic damages for medical bills and other expenses; all to his damage in an amount to be ascertained according to proof at trial.

36. The actions of defendant Molony, as described in this complaint, were malicious, deliberate, intentional, and embarked upon with the knowledge of, or in conscious disregard of, the harm that would be inflicted upon plaintiff; and as a result of said intentional conduct, plaintiff is entitled to punitive damages against defendant Molony, in an amount sufficient to punish him and to deter others from like conduct.

37. Plaintiff was required to hire an attorney to represent him in this matter and is entitled to an award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

38. Plaintiff is entitled to a jury trial.

### COUNT 2 - Municipal Liability - City of Eugene
### (42 U.S.C. § 1983; Monell v. Dept. of Social Services and Adickes v. Kress)

39. The foregoing paragraphs are incorporated herein by reference.

40. The following allegations are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery: City of Eugene has trained officers they are allowed to use force on citizens who are peaceably entering their homes in the type of situation alleged herein, constituting excessive force; has allowed numerous other similar incidents; and/or has encouraged or acquiesced in this unlawful behavior, and/or tacitly encouraged or acquiesced in it by failing to train, supervise, or discipline their officers, thus evincing deliberate indifference to plaintiff's constitutional rights, sufficient to support a verdict that those the defendant City's policies, customs, or practices caused the use of excessive force against plaintiff.

PAGE 5 - COMPLAINT

41. Defendant City is directly liable to plaintiff for its unconstitutional policies, customs, or practices.

42. As a direct and proximate result of the actions and omissions described in this complaint, plaintiff incurred the damages alleged herein, and was required to hire an attorney to represent him in this matter and is entitled to an award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

43. Plaintiff is entitled to a jury trial.

### COUNT 3 - Negligence - Oregon Common Law
### (Defendant City of Eugene)

44. The preceding paragraphs are incorporated herein by reference.

45. Defendant Molony, in using force on plaintiff, breached his duty to plaintiff to exercise reasonable care in the performance of his official duties, and thereby proximately and foreseeably caused plaintiff's injuries, damages and losses.

46. Defendant City is vicariously and directly liable to plaintiff for defendant Molony's negligence and for negligently hiring, training, supervising, and/or disciplining defendant Molony.

47. The actions alleged herein were taken within the scope of defendant Molony's employment or duties, and the government entities are therefore liable for those actions pursuant to the Oregon Tort Claims Act.

48. As a direct and proximate result of the actions and omissions described in this complaint, plaintiff incurred the damages alleged herein.

49. Within 180 days of the incident, plaintiff served the City with a tort claim notice which gave defendants notice plaintiff would sue them under state tort law for negligence for the

PAGE 6 - COMPLAINT

actions and omissions alleged herein.

50. Plaintiff is entitled to a jury trial.

### COUNT 4 - Battery - Oregon Common Law
### (Defendant City)

51. The foregoing paragraphs are incorporated herein by reference.

52. Defendant Molony, in his acts and omissions alleged herein, committed battery upon plaintiff and thereby proximately and foreseeably caused his injuries, damages and losses.

53. Defendant City is vicariously and directly liable to plaintiff for defendant Molony's acts and omissions, and for negligently hiring, training, supervising, or disciplining defendant Molony.

54. The actions alleged herein were taken within the scope of defendant Molony's employment or duties, and the government entities are therefore liable for those actions pursuant to the Oregon Tort Claims Act.

55. As a direct and proximate result of the actions and omissions described in this complaint, plaintiff incurred the damages alleged herein.

56. The tort claim notice alleged herein gave defendants notice plaintiff would sue them under state tort law for battery for the actions and omissions alleged herein.

57. Plaintiff is entitled to a jury trial.

### SECOND CLAIM FOR RELIEF –
### WARRANTLESS ENTRY INTO PLAINTIFF'S HOME

### COUNT 1 - Individual Liability – Defendant Molony
### (Violation of Constitutional Rights Regarding Search)
### (42 U.S.C. § 1983)

58. The foregoing paragraphs are incorporated herein by reference.

PAGE 7 - COMPLAINT

59. By his actions as described herein, defendant Molony, under color of statute, ordinance, regulation, custom, or usage, subjected plaintiff to the deprivation of rights, privileges, or immunities secured by the Constitution and laws; namely, plaintiff's liberty interest in freedom from unreasonable search, specifically, warrantless entry into plaintiff's home.

60. The actions of defendant Molony, as described in this complaint, were malicious, deliberate, intentional, and embarked upon with the knowledge of, or in conscious disregard of, the harm that would be inflicted upon plaintiff. As a result of said intentional conduct, plaintiff are entitled to punitive damages against defendant Molony, in his individual capacity, in an amount sufficient to punish him and to deter others from like conduct.

61. As a direct and proximate result of the actions described herein, plaintiff sustained actual noneconomic damages, including loss of his liberty; mental and emotional suffering; worry; fear; anguish; shock; nervousness; and anxiety; all to his damage in an amount to be ascertained according to proof at trial.

62. Plaintiff was required to hire an attorney to represent him in this matter and he is entitled to an award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

63. Plaintiff is entitled to a jury trial.

### COUNT 2 - Municipal Liability - City of Eugene

### (42 U.S.C. § 1983; Monell v. Dept. of Social Services and Adickes v. Kress)

64. The foregoing paragraphs are incorporated herein by reference.

65. The following allegations are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery: City of Eugene has trained officers they are allowed to enter the homes of citizens, without a warrant, in the type of situation alleged herein,

PAGE 8 - COMPLAINT

constituting illegal searches of homes; has allowed numerous other similar incidents; and/or has encouraged or acquiesced in this unlawful behavior, and/or tacitly encouraged or acquiesced in it by failing to train, supervise, or discipline their officers, thus evincing deliberate indifference to plaintiff's constitutional rights, sufficient to support a verdict that those the defendant City's policies, customs, or practices caused the use of illegal entry into plaintiff's home.

66. Defendant City is directly liable to plaintiff for its unconstitutional policies, customs, or practices.

67. As a direct and proximate result of the actions and omissions described in this complaint, plaintiff incurred the damages alleged herein, and was required to hire an attorney to represent him in this matter and is entitled to an award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

68. Plaintiff is entitled to a jury trial.

### COUNT 3 - Negligence - Oregon Common Law
### (Defendant City of Eugene)

69. The preceding paragraphs are incorporated herein by reference.

70. Defendant Molony, in entering plaintiff's home, breached his duty to plaintiff to exercise reasonable care in the performance of his official duties, and thereby proximately and foreseeably caused plaintiff's injuries, damages and losses.

71. Defendant City is vicariously and directly liable to plaintiff for defendant Molony's negligence and for negligently hiring, training, supervising, and/or disciplining defendant Molony.

72. The actions alleged herein were taken within the scope of defendant Molony's employment or duties, and the government entities are therefore liable for those actions pursuant

PAGE 9 - COMPLAINT

to the Oregon Tort Claims Act.

73.    As a direct and proximate result of the actions and omissions described in this complaint, plaintiff incurred the damages alleged herein.

74.    Within 180 days of the incident, plaintiff served the City with a tort claim notice which gave defendants notice plaintiff would sue them under state tort law for negligence for the actions and omissions alleged herein.

75.    Plaintiff is entitled to a jury trial.

### Count 4

### (Trespass – State Law Claim)

76.    The foregoing paragraphs are incorporated herein by reference.

77.    At the time of the events described in this complaint, plaintiff resided 1685 High Street, Eugene, Oregon, and at that time the residence was not in the actual possession of any person other than plaintiff.

78.    Defendant Molony entered plaintiff's residence as described further in this complaint; and the City of Eugene facilitated and ratified that entry.

79.    Defendant Molony had no legal right to enter plaintiff's residence and had no estate, title, claim, lien or interest in plaintiff's residence.

80.    Defendant City is vicariously and directly liable to plaintiff for defendant Molony's negligence and for negligently hiring, training, supervising, and/or disciplining defendant Molony.

81.    The actions alleged herein were taken within the scope of defendant Molony's employment or duties, and the government entities are therefore liable for those actions pursuant

to the Oregon Tort Claims Act.

82.   As a direct and proximate result of the actions and omissions described herein, plaintiff sustained the damages alleged.

83.   The tort claim notice alleged herein gave defendants notice plaintiff would sue them under state tort law for negligence for the actions and omissions alleged herein.

84.   Plaintiff is entitled to a jury trial.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff requests a jury trial and demands judgment in his favor and against defendants for the relief sought herein; for his reasonable costs and attorney fees; and for any other relief deemed appropriate by the court.

Respectfully submitted September 29, 2011.

_____
Marianne Dugan, OSB # 93256
Attorney for Plaintiff
259 E. 5th Ave., Ste 200-D
Eugene, Oregon 97401
(541) 338-7072

PAGE 11 - COMPLAINT